# United States Court of Appeals

### For the Eighth Circuit

_____

No. 25-3401

_____

Brent King, Receiver

*Plaintiff - Appellant*

v.

Texas Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 13, 2026
Filed: July 30, 2026

_____

Before COLLOTON, Chief Judge, SHEPHERD and KOBES, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Brent King filed this action against Texas Insurance Company (TIC) in his capacity as receiver for Empirical Prime, LLC, (Empirical) seeking coverage under a Directors and Officers Liability Policy issued by TIC. TIC filed a motion to

dismiss, which the district court[1] granted on the basis that the complaint did not sufficiently allege either a Claim or Loss under the terms of the Policy, as required to trigger coverage. The district court also denied King's motion to file an amended complaint, concluding that any amendment would be futile. King appeals the denial of both motions, and, having jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.

I.

This insurance coverage dispute arises out of Empirical's default on a loan issued by Enterprise Bank and Trust, LLC (Enterprise Bank). Pursuant to the terms of the loan agreement, during the pendency of the loan, Empirical agreed not to borrow money from any other banks. Despite this prohibition, Empirical officers (the Officers) obtained additional loans for Empirical, thus borrowing millions of dollars from other banks. To obtain these additional loans, the Officers allegedly submitted false, incomplete, or inaccurate financial statements to the lenders, manipulating documents to reflect that Empirical was in a better financial position than it actually was. The Officers also allegedly committed other financial misdeeds, including improperly comingling funds and distributing funds for their personal benefit. Perhaps unsurprisingly, Empirical defaulted on its loan with Enterprise Bank. Enterprise Bank initiated an action in state court, seeking, among other things, appointment of a receiver. The state court appointed Brent King as receiver for Empirical.

As receiver, King sent two letters to TIC asserting that TIC, as Empirical's insurer pursuant to a Directors, Officers & Organization Liability Policy, owed coverage to Empirical due to the Officers' alleged misconduct. The relevant Policy provisions provide coverage as follows:

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

A. Non-Indemnifiable Directors & Officers Liability

We will pay Non-Indemnifiable Loss on behalf of the Team Members resulting from a Claim first made against the Team Members during the Policy Period or any applicable Extended Reporting Period and reported to Us pursuant to the terms of this Policy for a Wrongful Act by the Team Members.

B. Indemnifiable Directors & Officers

We will pay Loss on behalf of the Insured Organization that such Insured Organization has indemnified the Team Members resulting from a Claim first made against the Team Members during the Policy Period or any applicable Extended Reporting Period and reported to Us pursuant to the terms of this Policy, for a Wrongful Act by the Team Members.

C. Entity Liability

We will pay Loss on behalf of the Insured Organization resulting from a Claim first made against such Insured Organization during the Policy Period or any applicable Extended Reporting Period and reported to Us pursuant to the terms of this Policy, for a Wrongful Act by the Insured Organization.

(emphasis omitted). The Policy defines "Loss" as "the amount that an Insured is legally obligated to pay resulting from a Claim, including damages, settlements, judgments, pre- and post-judgment interest, Defense Costs, and Investigation Costs." The Policy further defines "Claim" as a "Written demand against the Insured for monetary damages or non-monetary or injunctive relief, including a written request to toll or waive a statute of limitations or engage in any alternative dispute resolution."

In his two letters to TIC, King stated that TIC owed Empirical under the Policy for Losses stemming from the Officers' misconduct as outlined above and provided factual details and documentary evidence supporting his claims. When TIC did not respond to King's letters or remit payment under the policy, King

initiated this action in state court, alleging claims under Missouri law for breach of contract and vexatious refusal to pay.

TIC removed this action to federal court, and filed a motion to dismiss. TIC alleged that King failed to state a claim upon which relief could be granted, arguing that King lacked standing and that the claims failed on the merits. The district court determined that King had standing to bring the claims, but concluded that he nevertheless failed to state a claim because the complaint did not plausibly allege a Claim or Loss triggering coverage. First, the district court concluded that the complaint did not sufficiently allege King's letters qualified as a Claim because the Policy requires a Claim to be a written demand against the insured—Empirical—and King's letters were, at best, demands against the insurer, TIC. The district court then concluded that even if the underlying receivership action could qualify as a Claim, King still failed to plausibly allege a Loss. The district court reasoned that King's only allegations against TIC were that TIC was obligated to pay the lost profits, stolen funds, and money officers improperly advanced, but, under the definition of Loss in the Policy, King was required to assert a claim that Empirical or the Officers were "legally obligated to pay." Thus, even if the receivership action could qualify as a Claim, King could not plausibly allege a legal obligation to pay, because that action had not resulted in any judgment obligating Empirical to pay. Without a Loss, Policy coverage could not be triggered. Accordingly, the district court granted TIC's motion to dismiss and entered judgment dismissing the complaint.

King then filed motions to alter or amend the judgment, and for leave to file an amended complaint; the district court denied both motions. The district court denied the motion to alter or amend because King largely reiterated arguments he had made previously. Further, the district court rejected King's contention that it raised the grounds for dismissal sua sponte and without providing King notice or an opportunity to respond. The district court stated that "[t]his characterization is simply wrong," noting that TIC presented arguments regarding King seeking first-party coverage when the Policy covers only third-party liability coverage and

-4-

explaining that its decision was based on these concepts. The district court also explained that it grounded its analysis in the specific policy provisions rather than the parties' broad characterizations of first- and third-party liability and noted that "not only did [TIC] raise the issue, but [King] addressed it, which he concedes." The district court additionally denied leave to amend, again noting that it did not dismiss the case based on issues it raised sua sponte before concluding that, even if leave to amend were granted, the proposed amended complaint did not remedy the deficiencies that led to dismissal, making amendment futile. This appeal follows, with King challenging the district court's dismissal of his complaint and denial of leave to file an amended complaint.

II.

First, King asserts that the district court sua sponte granted dismissal on a ground never raised by TIC and without giving King notice or an opportunity to respond. Further, King asserts that the district court erred on the merits because the complaint adequately alleges both a Claim and a Loss under the terms of the policy. In granting the motion to dismiss, King asserts, the district court failed to accept the factual allegations in the complaint as true, made improper factual findings about the sufficiency of allegations that were better left for discovery and trial, and misconstrued the function and purpose of a receivership. "We review *de novo* a district court's decision granting a motion to dismiss for failure to state a claim, accepting as true all factual allegations and viewing them in the light most favorable to the non-moving party." Yang v. Robert Half Int'l, Inc., 79 F.4th 949, 961-62 (8th Cir. 2023).

King asserts claims under Missouri law for breach of contract and vexatious refusal to pay. "[T]o state a claim for breach of contract under Missouri law, [a plaintiff] 'must establish the existence of a valid contract, the rights of plaintiff and the obligations of defendant under the contract, a breach by defendant, and damages resulting from the breach.'" Gillis v. Principia Corp., 832 F.3d 865, 871 (8th Cir. 2016) (emphasis omitted) (citation omitted). Thus, a plaintiff "must

'identify which rights or obligations [the defendant] breached under the contract in order to establish a claim for breach of contract.'" Id. (citation omitted). Further, "[u]nder Missouri law, vexatious refusal is derivative of a breach-of-contract claim. There can be no recovery for vexatious refusal where there is no judgment for the plaintiff on the insurance policy." Aziz v. Allstate Ins. Co., 875 F.3d 865, 869 (8th Cir. 2017) (citation omitted).

King complains that the district court granted the motion dismiss based on an issue that TIC did not raise and that the district court considered sua sponte. We disagree. As the district court noted, in its motion to dismiss, TIC challenged King's attempt to use the policy to provide first-party coverage based on allegations that the Officers engaged in wrongful conduct, asserting that the relevant Policy language provided only third-party liability coverage for the Officers based on a Loss resulting from a Claim made against the Officers for their wrongful conduct. Further, in its argument that King did not have standing, TIC specifically argued that "because the receiver has not made a Claim against the Team Members that could even result in a Loss, any legally cognizable direct action is theoretical, premature, and not ripe." TIC also asserted that "the Petition does not allege that the Receiver has filed a lawsuit against the [Officers], made a written demand against them for monetary relief, or identify a settlement, damages or judgment which an insured *is legally obligated to pay* so as to constitute 'Loss' as that term is defined by the TIC policy." This sufficiently raised the issue before the district court, and we agree with the district court's characterization that it focused on specific provisions of the Policy rather than relying on broader characterizations of TIC's argument. Further, King responded to these arguments, specifically acknowledging that, he "identified the Claims under the Policy in [his] briefing opposing [TIC]'s motion to dismiss, including citing to the allegations in the complaint." We are thus unpersuaded by King's contention that the district court acted sua sponte.

Second, turning to the merits, we similarly conclude that the district court correctly determined that King failed to state a claim. As for whether King

plausibly alleged a Claim, we agree with the district court that the two letters King sent to TIC do not qualify. The Policy definition of Claim requires a "[w]ritten demand against the Insured"; here, King's letters to TIC purportedly make a Claim *on behalf of* Empirical, but there are no allegations in the complaint that any demand was made *against* Empirical, the Insured. As such, King fails to plausibly allege that the letters to TIC can constitute a Claim. And, even assuming, as the district court did, that King could identify a Claim in terms of the underlying receivership action, he did not plausibly allege a Loss under the Policy as the complaint contains no allegations that this action has resulted in any legal obligation to pay resulting from a Claim. Because a legal obligation to pay is a requisite for a Loss under the policy, the absence of an allegation to this effect defeats any Claim of Loss that King makes. Because King has failed to plausibly allege a Claim or a Loss so as to trigger coverage, he necessarily fails to state a claim for breach of contract. See Gillis, 832 F.3d at 871-72. And, because King's breach of contract claim fails, so too must his vexatious refusal to pay claim. See Aziz, 875 F.3d at 869. The district court thus did not err in granting TIC's motion to dismiss.

III.

King next asserts that the district court erroneously denied him leave to amend the complaint because none of the factors warranting dismissal with prejudice—undue delay, bad faith, or prejudice to the defendant—were present in this case. Further, King asserts that amendment to his complaint would not be futile because his proposed amended complaint addresses any perceived deficiencies, and, because the district court acted sua sponte in dismissing his complaint, fairness dictates that King be afforded an opportunity to amend his complaint. "We ordinarily review the denial of leave to amend a complaint for abuse of discretion, but when the district court denies leave on the basis of futility, we review the underlying legal conclusions de novo." Cook v. George's Inc., 952 F.3d 935, 940 (8th Cir. 2020).

-7-

"When a party seeks leave to amend, courts should 'freely give leave when justice so requires.'" Cheeks v. Belmar, 162 F.4th 899, 907 (8th Cir. 2025) (quoting Fed. R. Civ. P. 15(a)). "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Hillesheim v. Myron's Cards & Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018) (alteration in original) (citation omitted). In terms of futility, "[a]n amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." Cheeks, 162 F.4th at 907 (citation omitted). "However, interests of finality dictate that leave to amend should be less freely available after a final order has been entered." Par v. Wolfe Clinic, P.C., 70 F.4th 441, 449 (8th Cir. 2023) (citation omitted). First, as we have concluded that the district court did not act sua sponte in dismissing King's complaint, we reject his contention that fairness alone dictates that he be afforded the opportunity to amend his complaint. Second, King's proposed amended complaint contains no allegations that would cure the defects with respect to a Claim or Loss under the Policy definitions. Because the proposed amended complaint still does not identify any written demand made upon Empirical, the Insured, or any amount that Empirical is legally obligated to pay, granting leave to amend would be futile. The district court thus did not err in denying King's motion for leave to amend the complaint.

IV.

For the foregoing reasons, we affirm the judgment of the district court.

_____